**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **3:03-CR-0032-K(01)** |
| | ) | **(3:06-CV-0541-K)** |
| **BENITO CHAPA-IBARRA, #65545-079,** | ) | **ECF** |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant is presently incarcerated in the federal prison system. The Court did not issue process in this case pending preliminary screening.

Statement of the Case:  Following his plea of not guilty, a jury convicted Movant of illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(a). *United States v. Chapa-Ibarra*, 3:03cr032-K (N.D. Tex.). The District Court imposed a sentence of 65 months imprisonment and a three-year term of supervised release. Id. On July 21, 2004, the Fifth Circuit affirmed his conviction and sentence. *See Chapa-Ibarra v. United States*, No. 03-11236. On October 4, 2004, the Supreme Court denied his petition for a writ of certiorari. *See Chapa-Ibarra v. United States*, No. 04-5828.

In the instant § 2255 motion, filed on March 27, 2006, Movant alleges he is a United States citizen and, as such, is actually innocent of the crime of illegally re-entry after deportation. Specifically, Movant alleges that he has now acquired new evidence establishing that he is a United States citizen by virtue of her mother's U.S. citizenship at the time of his birth in Mexico. ( § 2255 Mot. at 5).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. See 28 U.S.C. § 2255, ¶ 6.

The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Consequently, Movant's unsupported assertion that his actual innocence claim precludes the dismissal of his § 2255 motion as untimely should be denied.

As set out more fully below, the Court will analyze the timeliness of the motion to vacate under § 2255, ¶ 6 (1)-(4), and will consider Movant's actual-innocence claim in the context of equitable tolling.

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to filing a § 2255

---

[1] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), the § 2255 motion is deemed filed on March 16, 2006, the date on which Movant signed his motion and purportedly handed it to prison officials for mailing.

motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See 28 U.S.C. § 2255, ¶ 6.

Movant has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (3).  With regard to subparagraph (4), the Court determines that the facts supporting Movant's sole ground for relief became known or should have become known prior to the date the judgment of conviction became final.

Having concluded that subsections (2)-(4) of § 2255, ¶ 6 do not apply, the Court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See § 2255, ¶6 (1).

Movant's conviction became final on October 4, 2004, the date on which the Supreme Court denied his petition for writ of certiorari.  *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *see also Rhines v. Weber*, 544 U.S. 269, 272, 125 S.Ct. 1528, 1532 (2005) (following same approach in a petition under 28 U.S.C. § 2254).  The one-year limitation period began to run on October 5, 2004, the day after Movant's conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired one year later on October 5, 2005. Movant did not submit this § 2255 motion for filing until March 16, 2006, more than one year

and five months after the expiration of the one-year limitation period. Movant concedes as much in his § 2255 motion. (*See* Memorandum in support at 7, attached to § 2255 Mot.). Therefore, the § 2255 motion is clearly time barred absent equitable tolling.

The one-year statute of limitations can be equitably tolled only in cases presenting "rare and exceptional circumstances." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715, n. 14. Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797.

This case does not present the type of rare and extraordinary circumstances warranting equitable tolling. Moreover, Movant did not exercise the diligence required of an individual

seeking federal habeas corpus relief. *Id.* An issue concerning Movant's citizenship was first raised in the deportation proceedings which culminated in his removal from the United States by order of an immigration judge (IJ) in January 2001, following his drug conviction in 1994. As reflected in the IJ's comments during the removal hearing (*see* § 2255, Exh. O at p. 2), the reliability of his mother's delayed birth certificate, filed when she was 33 years old, was suspect and, therefore, was found to be insufficient to establish Movant's U.S. citizenship (*id.*, Movant's Affidavit at 5-6 ¶ 27).

Following his deportation to Mexico, there is no evidence that Movant made any effort to obtain additional documentation to support his claim that he was entitled to derivative U.S. citizenship by virtue of his mother's alleged U.S. nativity, nor that he made any effort to obtain permission to re-enter the United States legally.

Movant returned to the United States without permission in February 2001, within a month of his formal removal. (*Id.*, Movant's Affidavit at 7 ¶ 38). He apparently made no effort to obtain any documentation in an effort to adjust his status or to obtain legal re-entry. He was arrested on December 30, 2002, on a traffic violation and subsequently charged with the illegal re-entry charge in this case.

Movant's claim that he was entitled to derivative citizenship -- by virtue of his assertion that his mother was an American citizen at the time of his birth in Mexico as evidenced by her delayed birth certificate -- was presented at his trial in 3:03cr032-K, but rejected by the jury. (Government's brief on appeal at 3 and 5).

As evidenced by the certified documents that he submitted with his § 2255 motion, it is apparent that Movant did not seek to obtain them until sometime in the summer of 2005. (*See* §

5

2255 Mot. at Exhs. B, D, E, G, H, and I).  After receiving the last certified document, on or about August 15, 2005, Movant delayed an additional seven months before filing this § 2255 motion. Movant provides no explanation for these delays.  "Equity is not intended for those who sleep on their rights."  *Fisher*, 174 F.3d at 714.

Next the Court addresses Movant's asserts that he is actually innocent of the crime because he is entitled to derivative citizenship.  While the one-year limitation period might raise serious constitutional questions when it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, Movant has not shown that he has reliable new evidence that establishes his actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Insofar as Movant requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless.  A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002).  In addition, Movant has not shown himself to be actually innocent of the offense.  The assertion of such claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with *new, reliable evidence* that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001);

*United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).[2]

The documents, which Movant submitted along with the § 2255 motion, do not carry his heavy burden of showing that he is actually innocent of the crime of illegal re-entry after deportation because he was United States citizen by the virtue of his mother's birth in Mission, Texas. Movant's birth certificate, issued in December 1995, shows that he was born on April 5, 1941 in China, Nuevo Leon, Mexico, from the union of Martiniano Chapa and Paula Ibarra, both of whom were shown to be Mexican citizens. (*See* § 2255 Mot. at Exh. A). The maternal grandparents listed on the birth certificate were Apolonio Ibarra and Tomasa Diaz. (*Id.*). The Court assumes *arguendo* that Movant's mother, Paula Ibarra, was the same person as Paulina Ybarra, whose delayed birth certificates and baptism certificate purport to establish she was born in the United States. (*See Id.* at Exhs. B-D and F).[3] Moreover, Movant has not shown that he ever took any steps to establish his own derivative citizenship.

The same holds true of exhibits G-K, which are the delayed birth certificates of three brothers and one sister of Movant's mother, who were also certified to have been born in the Mission, Texas, area between 1904 and 1921.[4] With respect to his own siblings, Movant references the undated affidavit of his sister, Minerva Chapa Rodriguez, who was born in Mexico, but who claims to have obtained a "Certificate of Citizenship" in 1954, "evidencing my

---

[2] Although the trial transcripts are not available to the Magistrate Judge, it is questionable whether the evidence proffered with Movant's § 2255 motion is new evidence at all.

[3] The delayed birth certificates of Movant's mother were filed in the records of Hidalgo County, Texas, on December 5 and 8, 1943, when she was nearly 34 years old.

[4] Whether Movant's mother's siblings were born in the United States is irrelevant since a person is ineligible for derivative citizenship based upon the citizenship of his/her aunt or uncle.

having been a United States citizen from the date of my birth, December 12, 1937." However, the exhibits she claims to have attached to her affidavit, that is her original "Certificate of Citizenship" and the replacement certificate, which she claims were issued by "the Commissioner of the INS" are not included. (§ 2255 Mot., Exh. L). The affidavit of a second sister, Odilia Chapa Trevino, with attachments is equally insufficient to establish Movant's alleged derivative citizenship. (*See Id.* Exh. N). Her certificate of naturalization expressly identifies Mexico as her country of former nationality. (*Id.*).

In light of the above, Movant cannot show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial. *See United States v. Espinoza*, 2005 WL 2291620, *3 (N.D. Tex. 2005), *report & recommendation adopted by*, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G). As noted above, the party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Movant has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant motion to vacate.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate under 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

A copy of this recommendation will be mailed to Movant.

Signed this 5th of September, 2006.

WM. F. SANDERSON
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.